# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>VINH CHAU and LANG MACH,<br><br>Debtors.<br>_____<br><br>CLARA BUENAVENTURA,<br><br>Appellant,<br><br>v.<br><br>VINH CHAU, et al.,<br><br>Respondent(s). | BK S-12-19953-MKN<br>ADV. 12-01307-MKN<br>Chapter 7<br><br><br><br>2:13-CV-630 JCM (GWF) |

### ORDER

Presently before the court is the bankruptcy appeal of *Buenaventura v. Chau et al.*, case number 2:13-cv-00630-JCM-GWF. Appellant filed an opening brief. (Doc. # 9). Appellee filed an answering brief in opposition (doc. # 13), and appellant filed a reply brief (doc. # 16).

**I.  Background**

The facts and proceedings leading to the instant dispute are vast, and begin with a car accident that occurred on November 6, 2006. The car accident was caused by the negligence of respondent Vinh Chau and resulted in the death of petitioner's husband, Benjamin Buenaventura.

**James C. Mahan**
**U.S. District Judge**

The Chaus and Mr. Buenaventura were both insured by AAA Insurance company. The Chaus had a $100,000 liability policy and Mr. Buenaventura had a $25,000.00 underinsured motorist policy. Petitioner Buenaventura was successful in obtaining a judgment in the sum of $595,240.00 against the Chaus in Nevada state court. During the course of that action, AAA allegedly failed to make required disclosures and committed various other acts that potentially could give rise to claims of bad faith and legal malpractice which would render it liable to respondents.

As the state court action between petitioner and respondents was proceeding, AAA pursued an action in federal court requesting a declaratory judgment that its liability in the instant matter would be limited to $100,000 and that it could not be liable for any "bad faith" or "legal malpractice" by respondents regarding its handling of the claims. On July 15, 2010, Judge Gloria Navarro entered an order granting summary judgment, stating that AAA's liability under the policy would be limited to $100,000 and that no acts of bad faith or malpractice had occurred.

After obtaining the state court judgment, counsel for petitioner sought an assignment of alleged "bad faith" and "legal malpractice" claims that respondents potentially could bring against AAA, despite the federal court's order that no such conduct occurred. Additionally, respondents have consistently held the opinion that AAA did not commit any malpractice or acts of bad faith in handing the claims involved in this case. Throughout all of this, petitioner alleged that respondent still had an interest in potential claims against AAA that has a value in excess of $1,000,000.

Following the entry of the judgment in Nevada state court, petitioner attempted to execute upon the assets of respondents to satisfy the judgment. Specifically, petitioner sought a court order assigning respondents' potential claims against AAA to her so she could receive any future judgment. After several months of litigation, Judge Rob Bare verbally indicated that the claims would be assigned to petitioner. However, prior to the court entering an order to this effect, respondents filed for chapter 7 bankruptcy.

In their original schedule B list of personal property, respondents did not list the potential claims against AAA as an asset of their bankruptcy estate. However, at petitioner's request, they later amended the schedule to include the claims, despite respondents' belief that the claims had no value.

James C. Mahan
U.S. District Judge

- 2 -

During the extensive proceedings that followed, the bankruptcy trustee issued a statement of no distribution, declaring specifically that "there [was] no property available for distribution from the estate over and above that exempted by law." In response, petitioner filed an ex parte motion to examine respondents' assets pursuant to Federal Rule of Bankruptcy Procedure 2004. Shortly thereafter, respondents filed a motion for a protective order to prevent the examination from going forward. The bankruptcy court granted the protective order, reasoning that because the summary judgment order issued by the federal court stated that AAA was not liable for malpractice or bad faith, that there was no possible basis for petitioner to challenge that the potential claims by respondent against AAA had any value.

Petitioner then filed a motion to compel respondents to sell the claims to her, or in the alternative, for the bankruptcy court to grant a relief from the stay so the state court could order the transfer of respondents' interest the claims. The bankruptcy court denied the request to compel a sale of the assets, stating that there is no precedent by which it could order the trustee to sell the claims to petitioner. The bankruptcy court denied petitioner's request for a relief from the stay because the matter had already reached final judgment in state court, and there were no pending issues to be resolved in that action.

On November 26, 2013, Judge Robert C. Jones issued an order striking the 2010 summary judgment order that limited AAA's liability to $100,000. Judge Jones observed that petitioner was the true party-in-interest to any potential claims by respondents against AAA, and it violated due process to issue a judgment limiting the insurance company's liability without allowing petitioner to participate in the litigation. As such, the court struck the order limiting AAA's liability to $100,000 in its entirety.

In the instant appeal, petitioner argues that the bankruptcy court erred in granting the protective order and in denying her motion to compel the trustee to sell assets or grant relief from the bankruptcy stay.

. . .

. . .

## II. Legal Standard

This court has jurisdiction to hear bankruptcy appeals pursuant to 28 U.S.C. § 158(a). Section 158(a) states, "The district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders and decrees." 28 U.S.C. § 158(a). This court has jurisdiction over the instant appeal because it is taken from a final order issued by the bankruptcy judge denying petitioner's motion for relief from a stay. *See In re Nat'l Environ. Waste Corp.*, 129 F.3d 1052, 1054 (9th Cir. 1997) (citing *In re Conejo Enterprises, Inc.*, 96 F.3d 346, 351 (9th Cir 1996)).

Denying a motion for relief from stay is a ruling on a question of law and is reviewed de novo. *See In re White*, 186 B.R. 700, 704 (B.A.P. 9th Cir., 1995), *citing In re Saylor*, 178 B.R. 209, 212 (9th Cir. BAP 1995).

## III. Discussion

(A) Respondents' motion for a protective order

Federal Rule of Bankruptcy Procedure 2004 provides, "On motion of any party in interest, the court may order the examination of any entity. . . . The examination of an entity under this rule or of the debtor under § 343 of the [c]ode may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."

The bankruptcy court's decision to grant the protective order, which denied the FRBP 2004 examination into the value of respondents' potential claim against AAA was based on the premise that this asset had no value. At that time, the federal court's summary judgment order directed that AAA had no additional liability in the matter. Thus, given the state of affairs that existed in that moment, the bankruptcy court correctly held that an additional examination would have served no purpose.

However, the recent order of the district court striking the prior summary judgment on due process grounds changes the landscape entirely. Without a judgment in place indicating that AAA could not be held liable for malpractice and bad faith, respondents' potential claims against AAA could have substantial value. In fact, petitioner's experts have stated that this asset may have a value

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  in excess of $1,000,000. In light of these recent developments, the court now holds that the value
2  of these potential claims is highly relevant to the questions involved in respondents' application for
3  bankruptcy. Accordingly, petitioner will be allowed to conduct a FRBP 2004 examination to
4  ascertain the value of this asset before the bankruptcy court determines whether respondents are
5  entitled to a discharge.

6  (B) Petitioner's request to compel the trustee to sell assets

7  In the midst of the bankruptcy proceedings, petitioner requested that the bankruptcy court
8  issue an order compelling respondents to sell their interest in potential claims against AAA. The
9  bankruptcy court denied this request, stating that 11 U.S.C. § 363 does not give the court the
10 authority to compel the trustee to sell assets.

11 Indeed, this section states "The trustee, after notice and a hearing, *may* use, sell, or lease,
12 other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1)
13 (emphasis added). The bankruptcy court correctly observed that the language of this section is
14 permissive, and that "there is nothing in the language of the statute that may be used to compel the
15 trustee to sell the property of the estate." (Doc. # 11 p. 456).

16 Additionally, petitioner fails to cite even a single case in which such a remedy has been
17 utilized in the past. As such, there is no basis to conclude that the remedy petitioner seeks even exists
18 under the law. Accordingly, the court finds that the bankruptcy court did not err in denying
19 petitioner's request to compel the trustee to sell assets.

20 (C) Petitioner's request for relief from the bankruptcy stay

21 Petitioner argues that the bankruptcy court erred in refusing to grant a relief from the stay in
22 order to allow her to continue the proceedings against respondents in state court. The bankruptcy
23 court ruled that relief from stay was not appropriate in this case, because the state court had already
24 reached a final judgment and there were no remaining claims to be resolved.

25 The automatic stay provisions of the bankruptcy code prohibit the continuation of a judicial
26 action "against the debtor" that was commenced before the bankruptcy. 11 U.S.C. § 362(a)(1). The
27 code also prohibits "any act to obtain possession of property of the estate . . . or to exercise control

28

**James C. Mahan
U.S. District Judge**

- 5 -

over property of the estate." § 362(a)(3). Where the language of the code is plain, it is to be enforced according to its terms. *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241 (1989); *In re White*, 186 B.R. 700, 703 (B.A.P. 9th Cir. 1995).

Here, petitioner requests that the stay over the state court action be lifted, not so she can resolve outstanding claims that were pending in that forum, but instead so that she can collect upon a debt that she argues she is owed by respondents. Such reasoning defies the very purpose of the provisions of § 362(a) which stay outside proceedings so that the bankruptcy can be efficiently resolved. Accordingly, because there are no remaining issues that can be decided in the state court proceedings, the court finds that the denial of relief from stay was not in error.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the ruling of the bankruptcy court in *Buenaventura v. Chau et al.*, case number 2:13-cv-00630-JCM-GWF be, and the same hereby is hereby AFFIRMED in part and REVERSED in part.

IT IS FURTHER ORDERED THAT this matter is hereby REMANDED to the bankruptcy court for further proceedings consistent with this opinion.

DATED February 11, 2014.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge